UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 16, 2017

LETTER TO COUNSEL

      RE:    *Charity Walters v. Commissioner, Social Security Administration*;
                 Civil No. SAG-16-3755

Dear Counsel:

On November 20, 2016, Plaintiff Charity Walters petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and the related filings. (ECF Nos. 18, 19, 25, 28, 29). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Ms. Walters filed her claim for benefits on December 18, 2012, alleging a disability onset date of January 1, 2012. (Tr. 156-66). Her claim was denied initially and on reconsideration. (Tr. 100-04, 108-09). A hearing was held on April 15, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 49-66). Following the hearing, the ALJ determined that Ms. Walters was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 19-48). The Appeals Council ("AC") denied Ms. Walters's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Walters suffered from the severe impairments of "arthralgias, migraine headaches, obesity, mood disorder, and anxiety disorder." (Tr. 24). Despite these impairments, the ALJ determined that Ms. Walters retained the residual functional capacity ("RFC") to:

> perform a range of light work as defined in 20 CFR 416.967(b), which generally involves lifting/carrying 20 pounds occasionally and 10 pounds frequently, standing/walking about 6 hours, and sitting about 6 hours in an 8-hour workday. She cannot climb ladders/ropes/scaffolds and cannot crawl, but she can perform other postural activities, like balancing and stooping, on an occasional basis; and she must avoid concentrated exposure to vibration and fumes/odors/dust/ gases/poor ventilation, and any significant exposure to hazards, like unprotected heights or dangerous moving machinery. Further, the claimant is able to handle simple tasks; sustain concentration toward such tasks for 2-hour segments;

      interact as needed with coworkers and supervisors, at least on an occasional basis, with no significant public contact; and respond appropriately to change in a routine work setting.

(Tr. 27). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Walters could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 41-43).

      Ms. Walters makes several arguments on appeal: (1) that the ALJ erred in the assignment of weight to the opinions of her treating physician; (2) that the ALJ erred by failing to deem her carpal tunnel syndrome to be a severe or non-severe impairment; and (3) that the ALJ failed to obtain a consultative examination, which was required in light of the record. I concur that the ALJ provided inadequate evaluation of some of the treating physician's opinions, and thus remand is required. Each of Ms. Walters's arguments is addressed below.

      First, Ms. Walters's treating psychiatrist, Dr. Lowtan, issued three opinions about her mental impairments and one opinion about her physical impairments. (Tr. 289-91, 331-32, 335-37, 476-78). The ALJ provided detailed summaries of the contents of each of those opinions (Tr. 38-40), and concluded:

> While Dr. Lowtan is a treating physician with a longitudinal treating history with claimant, his findings and opinions are not consistent with or supported by the other evidence of record, including his own treatment notes. Specifically, Dr. Lowtan's mental assessments of multiple marked limitations appears [*sic*] disproportionate to the weight of the evidence of record as a whole. Further, Dr. Lowtan's physical assessment falls outside his area of expertise as a psychiatrist, and is otherwise inadequately supported. Accordingly, the undersigned affords little weight to the opinions and assessments of Dr. Lowtan.

(Tr. 40). Ms. Walters submits that the ALJ's evaluation of Dr. Lowtan's opinions is insufficient and conclusory, citing the cases of *Michel v. Comm'r, Social Sec. Admin.,* No. SAG-13-2311, 2014 WL 2565900 (D. Md. June 5, 2014) and *Lewis v. Berryhill,* 858 F.3d 858 (4th Cir. 2017).

      With respect to Ms. Walters's physical impairments, the ALJ provided a sufficient explanation elsewhere in the opinion for the conclusory statement that Dr. Lowtan's opinion "is otherwise inadequately supported." (Tr. 40). Specifically, the ALJ listed a lengthy number of "entirely normal physical exam[s]" during office visits from 2012 through 2015, (Tr. 36), and a list of other examinations at which Ms. Walters had "no complaints." (Tr. 37-38). The ALJ also noted that the record showed treatment that was "routine, conservative, and unremarkable" with "no extended hospitalizations." (Tr. 36). The ALJ further cited Ms. Walters's activities of daily living, including extensive housecleaning, and her reported lack of side effects from her medications. (Tr. 36, 37). Accordingly, the ALJ did not simply reject Dr. Lowtan's physical assessment due to his lack of expertise because he is a psychiatrist. Instead, the ALJ provided sufficient reasoning and substantial evidence to support the conclusion that Dr. Lowtan's opinion that Ms. Walters had serious physical limitations (such as an inability to sit for more than one

hour or stand/walk for more than one hour total in an eight hour workday) lacked support in the record.

However, the ALJ's analysis was less comprehensive as to Ms. Walters's mental impairments. The ALJ did include an eight-page summary of all of Ms. Walters's physical and mental treatment records, including regular monthly appointments with Dr. Lowtan. (Tr. 28-36). At many of those appointments, Ms. Walters displayed some symptoms, but other portions of the exam were normal. *See, e.g.,* (Tr. 29) ("A mental status exam showed her mood was depressed and anxious, and her affect was labile, but the remainder of the exam was normal."); (Tr. 30) ("A mental status exam noted that she walked with a limp, and she had an anxious mood and labile affect, but was otherwise unremarkable."); (Tr. 31) ("A mental status exam found her to have a depressed and anxious mood, with a labile affect, but no problems with concentration or memory, and her judgment was deemed good."); *id.* ("A mental status exam noted that her mood and affect were both normal, she had preoccupations, and her thought process was circumstantial, but her memory and concentration were normal, as was the remainder of the exam."); (Tr. 35) ("[C]laimant reported getting frustrated and angry, and having a meltdown. A mental status exam noted that her mood was anxious, and her affect was labile, but she was cooperative, alert, and oriented, and her concentration and memory were normal."). At other appointments, there were unremarkable examinations and little adjustment to Ms. Walters's medications. (Tr. 33, 35). The ALJ's analysis states only that Dr. Lowtan's "findings and opinions are not consistent with or supported by the other evidence of record, including his own treatment notes. Specifically, Dr. Lowtan's mental assessments of multiple marked limitations appears [*sic*] disproportionate to the weight of the evidence of record as a whole." (Tr. 40). The ALJ provides no other explanation for his conclusion that there were inconsistencies between the treatment records and the opinions regarding mental limitations. The portion of the ALJ's opinion analyzing Ms. Walters's credibility references only a single November 14, 2012 visit to Dr. Lowtan, despite the fact that Dr. Lowtan's treatment records comprise a substantial portion of the overall medical record. (Tr. 36). In light of the treatment notes demonstrating ongoing mental health symptoms, the longitudinal record and opinion from Ms. Walters's longtime and frequent treating psychiatrist, and the lack of any specific analysis of that record, the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion" as required by the law. *Lewis,* 858 F.3d at 868 (quoting *Monroe v. Colvin,* 826 F.3d 176, 189 (4th Cir. 2016)). In fact, the ALJ's language in this case is not materially different from the discussion the Fourth Circuit deemed inadequate in *Lewis. See id.* at 865 (evaluating the language, "The undersigned gives these opinions partial weight, because the severity of assessed exertional and non-exertional limitations is not entirely consistent with the longitudinal conservative treatment record, the documented clinical and examination findings, and Ms. Lewis' stated ongoing capabilities."). Accordingly, remand is warranted for the ALJ to provide a complete evaluation of his assignment of weight to Dr. Lowtan's mental health opinions. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Walters is not disabled is correct or incorrect.

Ms. Walters's remaining arguments are unpersuasive. As the ALJ acknowledges, Ms. Walters was diagnosed with "right-sided carpal tunnel syndrome (CTS), mild to moderate" on January 9, 2013, (Tr. 30), after a finding of a "positive Tinel's sign over both carpal tunnels" in

September, 2012, (Tr. 29). *See* (Tr. 30-31). She was advised to use a soft wrist splint. *Id.* No further discussion of CTS-related symptoms or impairments appears in any medical record, and there was no mention of any CTS-related symptoms at the hearing before the ALJ. Ms. Walters mentions no CTS-related symptoms or impairments in her January 15, 2013 adult function report, (Tr. 213-20), and did not even report the diagnosis of CTS to a consultative examiner when describing her physical medical history in April, 2013. (Tr. 294). Accordingly, while the ALJ should have evaluated the CTS diagnosis and presumably deemed it to be a non-severe impairment, the failure to do so, in the absence of a showing that the impairment met the durational requirement or had any impact on Ms. Walters's functioning, is harmless error. However, since the case is being remanded on other grounds, while on remand, the ALJ should address Ms. Walters's CTS and determine whether it is a severe impairment.

Finally, Ms. Walters argues that the ALJ failed to adequately develop the administrative record by neglecting to order a physical consultative examination, despite "wildly inconsistent" opinions from the State agency medical consultants ("consultants"). [ECF No. 18, pp. 19-20]. I disagree. An ALJ "has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). However, an ALJ has discretion in deciding whether to order a consultative examination. *See* 20 C.F.R. § 416.919a(a); *Bishop v. Barnhart*, 78 F. App'x 265, 268 (4th Cir. 2003). A consultative examination is only needed when the evidentiary record before the ALJ is inadequate. *See France v. Apfel*, 87 F. Supp. 2d 484, 489-90 (D. Md. 2000). A consultative examination may be used to "resolve any conflicts or ambiguities within the record" or "to secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." *Kersey v. Astrue*, 614 F. Supp. 2d 679, 693 (W.D. Va. 2009); *see also* 20 C.F.R. § 416.919a(b). Here, Ms. Walters has not established that the ALJ improperly relied on the opinions of the consultants or otherwise had an inadequate evidentiary record. The ALJ summarized the findings of both the initial consultants and the consultants on reconsideration, acknowledging the discrepancies between the two opinions. (Tr. 40-41). The ALJ explained that both sets of consultants deemed Ms. Walters "capable of at least a range of light work, even with additional non-exertional limitations[.]" (Tr. 41). The ALJ further explained that he gave "greater weight" to the initial consultants, who found Ms. Walters to be more limited, and also "afforded the claimant the maximum benefit by further limiting her, given the evidence of record as a whole." *Id.* In light of the ALJ's explanation of his evaluation of the consultants' opinions and the other evidence of record, I find no inadequacy in the cited medical support or in the ALJ's rationale.

**CONCLUSION**

For the reasons set forth herein, Ms. Walters Motion for Summary Judgment (ECF No. 18) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 28) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge